THOMAS JOSEPH AND WILLIAM L. JOSEPH, *Plaintiffs in Error*, v. RICHARD A. MAXWELL, *Defendant in Error*.

En Banc.

Opinion Filed May 15, 1925.

Where a joint tort is alleged, and the evidence, if it shows a joint tort by two, does not identify one of the parties jointly charged, a joint judgment against the alleged joint tort feasors is erroneous.

A Writ of Error to the Circuit Court for Duval County; Daniel A. Simmons, Judge.

Reversed.

*E. J. L'Engle, W. F. Rogers* and *J. W. Shands*, for Plaintiffs in Error;

*Wilson & Koester*, for Defendant in Error.

WHITFIELD, J.—The declaration herein in two counts alleges that Thomas Joseph and William L. Joseph "assaulted the plaintiff and then and there violently seized and laid hold of him, and then and there with great force and violence shook and pulled about the plaintiff, and drew upon him a pistol or revolver which plaintiff believed to be loaded with leaden bullets, and threatened to shoot the plaintiff with the said pistol or revolver, and choked the plaintiff with their hands; by means of which several premises the plaintiff was then and there greatly hurt, bruised and wounded;" and that Thomas Joseph and William L. Joseph "assaulted the plaintiff and then and there seized and laid hold of him, and drew a pistol or revolver, which plaintiff believed to be loaded with leaden bullets upon the plaintiff, and with great force and violence pulled

and dragged him about, and choked him with their hands upon his throat and also forced the plaintiff to go in and along divers public streets of the City of Jacksonville, and took, detained, and delivered the plaintiff to certain police officers of the City of Jacksonville, Duval County, Florida, and caused the plaintiff to be incarcerated and imprisoned in the city jail or police station of the said City of Jacksonville, for a long time, to-wit, for the space of three hours, without any reasonable or probable cause whatever, contrary to the laws of the State of Florida, and against the will of the plaintiff, whereby the plaintiff was then and there not only greatly hurt, bruised, and wounded, but was exposed to public disgrace and injured in his credit and circumstances.''

Trial was had on a plea of not guilty. The verdict and judgment awarded the plaintiff $1,250.00 damages. A remittitur of $750.00 was entered. Defendants took a writ of error.

The plaintiff in relating the circumstances under which he was assaulted, testified that Thomas Joseph ''drew a gun on'' him and the two went across the street to the defendants' home and that ''just as we got at his house, William Joseph came up to me and grabbed me by the throat, cussed me for several names,'' &c., and further testified at the trial: ''The two men in the rear (indicating the defendants) are the defendants, one of them had glasses on at the time.'' ''Both of the defendants appeared at the police station to testify against me.'' Mr. Thomas Joseph was there and Mr. William Joseph was there. They were the ones who testified against me, to the best of my knowledge. They said they were I recognized Mr. Thomas Joseph, and Mr. William Joseph seemed to me to be the man, but he had glasses on, which changed his looks a bit.'' ''The two Josephs who appeared against me at the police station are the ones that attacked me.''

The mother of the defendants testified on cross examination: "Thomas Joseph was my son who brought this man to me. He is over there (pointing to the defendant Thomas Joseph). My son William Joseph is sitting right next to him (indicating the defendant William Joseph). My son Charles Joseph is out in the hall. When Thomas brought the plaintiff to me, William L. Joseph was coming down the steps to the sidewalk out of the house. He arrived a few seconds after Thomas Joseph brought the plaintiff to me. William L. and Charles Joseph arrived on the scene about the same time."

A sister of the defendants testified on cross examination: "My brother Thomas caught the plaintiff. William L. Joseph was upstairs in his room at the time. Charles was also there. I did not go out on the street, but my brothers William and Charles did. My mother went out on the street before they did, I think. William and Charles went out about the same time. I did not go out into the street but on the porch."

A brother of the defendants testified: "My name is Charles Joseph. I have been wearing glasses continuously for ten or twelve years. I live at 1807 Silver street and am a brother of the defendants Thomas and William L. Joseph. I was living in that house in November, 1922. I attended a hearing in the police court on November 22, 1922, against Richard A. Maxwell, the plaintiff. The case was postponed until the following week and postponed again until later. My brother Tom appeared at those hearings with me. William L. Joseph was never there either morning."

The defendant, Thomas Joseph testified: "I appeared at the police station as a witness against him (plaintiff). My brother Charlie did also. William L. Joseph did not. I am absolutely positive of this—only two of us appeared —just Charlie and myself."

Even if the evidence and the circumstances are of such a nature as to show directly or by inference that the torts as alleged were jointly committed by Thomas Joseph and another, it is not shown with definiteness that William L. Joseph was the other assailant.

The plaintiff testified that "William Joseph put his hands on my neck and choked me." Plaintiff also testified "both of the defendants appeared at the police station to testify against me." "They were the ones who testified against me, to the best of my knowledge." "I recognized Mr. Thomas Joseph, ,and Mr. William Joseph seemed to me to be the man but he had glasses on, which changed his looks a bit." "The two Josephs who appeared against me at the police station are the ones that attacked me." This is met by positive testimony of several witnesses that Thomas Joseph and Charles Joseph appeared and testified in the police court and that William L. Joseph never appeared at any of the hearings. There is also testimony that William L. Joseph had not worn glasses "for years" and that Charles Joseph wears glasses all the time.

A joint tort as alleged and by the two defendants as alleged is not clearly shown, therefore a joint judgment against the defendants is erroneous.

Reversed.

WEST, C. J., AND ELLIS, BROWNE, TERRELL AND STRUM, J. J., concur.